# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN DEL POZO MORILLO, | CASE NO. 1:14-cv-01348-SHR-GBC |
| Plaintiff, | (JUDGE RAMBO) |
| v. | (MAGISTRATE JUDGE COHN) |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | REPORT AND RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE |
| Defendant. | |

The above-captioned action is one seeking review of a decision of the Commissioner of Social Security ("Commissioner") denying the application of Plaintiff Juan Del Pozo Morillo for disability insurance benefits ("DIB") under the Social Security Act, 42 U.S.C. §§401-433. (the "Act").

Plaintiff is proceeding pro se. On August 7, 2014, the Court entered Standing Practice Order 13-9 on the docket. Doc. 6. This Practice Order informed Plaintiff that:

> This order is intended to inform the parties of the briefing and other litigation responsibilities that commonly arise during the course of a social security appeal. In doing so, this order will describe the major provisions of Local Rules relating to social security appeals. The parties should consult the actual rules for a complete description of their requirements. Social Security cases filed in this district are treated as appeals. (Local Rule (LR) 83.40.1) This standing order shall

> be issued by the Clerk's Office upon the filing of a social security appeal accompanied by an application to proceed in forma pauperis or the filing fee and shall be binding on all parties. Failure of a party to comply will result in the sanctions specified herein.
>
> …
>
> Within forty-five (45) days after service of the defendant's answer, the plaintiff shall serve and file a brief containing the following: statement of the case, statement of errors, argument and conclusion. (LR 83.40.4).

Doc. 6.

Plaintiff has not filed a brief in compliance with Local Rule 83.40.4. On July 15, 2014, Plaintiff filed a Complaint. Doc. 1. This document states only:

> I have high cholesterol, high blood pressure, depression, arthritis, back pain, [two] operations of rotator cuff, had an operation for [carpal tunnel], [two] rotator cuff operations, also lots of medications, also seeing a therapist and also [taking psychiatric medication].
>
> Wherefore, Plaintiff prays that he would be understood because its been almost 8 years that he hasn't been able to work. He desires that the Court will work in his favor. If he could work he would be working. But he can't.

Doc. 1. Plaintiff filed an Amended Complaint on September 17, 2014, that merely copies the above-quoted language verbatim. Doc. 9. This does not satisfy Plaintiff's requirement to submit a "statement of the case, statement of errors, argument and conclusion." Doc. 6; L.R. 83.40.4.

On December 24, 2014, the Commissioner filed an Answer and Administrative Transcript of the proceedings. Doc. 18, 19. Plaintiff did not file a brief in accordance with Local Rule 83.40.4.

On May 11, 2015, the undersigned entered an Order directing Plaintiff to file a brief in accordance with Local Rule 83.40.4 on or before June 11, 2015. Doc. 20. The Order further explained that "**PLAINTIFF'S FAILURE TO RESPOND TO THIS ORDER WILL RESULT IN A RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE PURSUANT TO LOCAL RULE 83.3.1**." Doc. 20 (emphasis in original).

On June 5, 2015, Plaintiff filed a document identified as an "Exhibit" that contains a two-page "Medical Assessment Form" dated June 9, 2015.[1] Doc. 21. The only information contained on this form is a primary diagnosis of schizoaffective disorder, depressive type. Doc. 21. The form is signed by Vassili Arkadiev, M.D., but is not accompanied by medical records and Dr. Akradiev's contact information is redacted. Doc. 21. This form does not satisfy Plaintiff's requirement to provide a "statement of the case, statement of errors, argument and conclusion." Doc. 6; L.R. 83.40.4.

---

[1] This document contains no explanation of how it was entered four days prior to the date indicated on the form.

On June 18, 2015, Plaintiff filed a document identified as an "Exhibit" that contains a four-page "Medical Assessment Form" dated June 9, 2015. Doc. 22. This document appears to be a copy of the Medical Assessment Form entered on June 9, 2015. Docs. 21, 22. The only additional information contained in this form is a statement from Plaintiff that:

> [M]y medical condition affects my ability to work because I constantly suffer delusion/hallucinations, illogical thinking, emotional issues, panic/nervousness, hearing voices and feeling anxiety/scared. Also depression.
>
> These symptoms cause me great difficulty in maintaining social functioning, difficulty in completing tasks, and ongoing deterioration of my mental health. These symptoms have been ongoing for over 4 years. Therefore, I cannot obtain and/or keep employment. I am permanently disabled due to this condition.

Doc. 22 at 1. However, the document indicates that Plaintiff's "permanent disability begin date" was June 8, 2015. Doc. 22 at 3. Plaintiff must establish disability prior to January 25, 2013, the date of the ALJ decision, in order to be entitled to benefits under the present application. Doc. 19, Administrative Transcript, at 16-36. The Court also notes that the final page of this Exhibit contains the letter head of the "Law Office of Stephen J. Barcavage, LLC," however no attorney has entered an appearance in this matter. Doc. 22 at 4. This form does not satisfy Plaintiff's requirement to provide a "statement of the case,

statement of errors, argument and conclusion." Doc. 6; L.R. 83.40.4. Plaintiff's statements, such as that he suffers hallucinations "constantly," may support of claim of disability. However, Plaintiff has offered no statement of errors or argument why the ALJ's conclusion that he does not suffer hallucinations sufficient to preclude employment lacks substantial evidence. The ALJ acknowledged that Plaintiff alleged auditory hallucinations, but noted that he testified they are "better on medication and…he still takes Seroquel." (Tr. 27). The ALJ also concluded that Plaintiff's subjective complaints were not fully credible because he had only conservative treatment, benign examination findings, and consistently denied psychotic symptoms, delusions, and hallucinations. (Tr. 28-29). The ALJ noted that Plaintiff had denied psychotic symptoms to treating providers. (Tr. 29). The ALJ also relied on a medical opinion from a state agency psychiatrist that Plaintiff is able to perform the mental demands of work. (Tr. 31). Plaintiff has offered no statement or error or argument as to why these conclusions are inaccurate.  This precludes meaningful review by the Court and violates Local Rule 83.40.4.

Similarly, Plaintiff notes that he had "lots of medications" and was taking psychiatric medication. Doc. 1.  However, the administrative law judge wrote that:

> The claimant did not report the use of any medications in a Function Report-Adult and therefore did not report any side effects of medications (Ex. 3E). He did not report any side effects of medications in a Supplemental Function Questionnaire (Ex. 3E). Maria Rodriguez, the claimant's wife, did not report that the claimant uses any medications in a Third Party-Function Report-Adult and therefore did not report that he experiences any side effects of medications (Ex.4E). He did not report any side effects of medications in a Disability Report-Appeals (Ex. 7E). The claimant testified that medications make him relax (Testimony). In any event, it is noted that there is no indication in the medical evidence of record that the claimant complained of any significant side effects of medications on an ongoing basis or that side effects did not resolve with a change in medications (Exs. 1F-3F, SF, and 7F-IOF).

(Tr. 30). Plaintiff has not challenged these conclusions.

Dismissal for failure to prosecute is appropriate after considering "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984). Plaintiff is fully responsible for his failure to comply with the Court's order. *Id.* Defendant, the adversary, has been unable to respond due to Plaintiff's failure to submit a brief. *Id.* Plaintiff has a history of dilatoriness, as he

filed to submit any brief whatsoever prior to the Court's May 11, 2015 Order to Show Cause. *Id.* Although there is no indication that Plaintiff is acting willfully or in bad faith, the effectiveness of sanctions other than dismissal is limited given Plaintiff's refusal to comply with multiple court orders. *Id.* As discussed above, Plaintiff's claim does not appear meritorious because the ALJ provided specific reasons to discount Plaintiff's subjective claims, noted that the objective evidence failed to support his claims, and relied on the only medical opinion that addressed the relevant period. *Id.* Consequently, the Court recommends that Plaintiff's appeal be dismissed for failure to prosecute in accordance with Local Rule 83.3.1.

Accordingly, it is HEREBY RECOMMENDED:

I. This appeal be DENIED, as the Plaintiff has failed to prosecute the case in accordance with Local Rule 83.3.1; and

II. The Clerk of Court close this case.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a Magistrate Judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall

apply. A Judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The Judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

Dated: July 14, 2015                                  *s/Gerald B. Cohn*
                                                                    GERALD B. COHN
                                                        UNITED STATES MAGISTRATE JUDGE